Kaur v. Holder

BIA
A075 306 900

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27ᵗʰ day of August, two thousand twelve.

PRESENT:
   JOSÉ A. CABRANES,
   BARRINGTON D. PARKER,
   CHRISTOPHER F. DRONEY,
    *Circuit Judges.*

_____

AMARJIT KAUR,
   *Petitioner,*

   v.          11-3239
               NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
   *Respondent.*

_____

FOR PETITIONER:   Amarjit Kaur, *pro se*, South Richmond Hill, New York.

FOR RESPONDENT:   Stuart F. Delery, Acting Assistant Attorney General; Emily Anne Radford, Assistant Director; Craig A. Newell, Jr., Trial Attorney,

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Amarjit Kaur, a native and citizen of India, seeks review of a June 11, 2011, decision of the BIA denying her motion to reopen. *In re Amarjit Kaur*, No. A075 306 900 (B.I.A. June 11, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). There is no dispute that Kaur's motion to reopen was untimely and number-barred. *See* 8 U.S.C. § 1229a(c)(7)(A),(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2).

The time and number limitations applicable to motions to reopen may be equitably tolled to accommodate claims of ineffective assistance of counsel. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006); *see also Jin Bo Zhao v. INS*,

452 F.3d 154, 159-60 (2d Cir. 2006) (per curiam) (holding that the BIA erred in finding petitioner's second motion to reopen number-barred, because his first motion was denied due to ineffective assistance). However, the movant must demonstrate, *inter alia*, that she suffered actual prejudice as a result of counsel's ineffective performance. *Rabiu v. INS,* 41 F.3d 879, 882 (2d Cir. 1994).

Kaur argued that her prior counsel provided ineffective assistance by failing to pursue relief under the Convention Against Torture ("CAT") either during the pendency of her appeal of the IJ's denial of her motion to rescind her *in absentia* order of removal, or in subsequent motions to reopen. To show actual prejudice, Kaur was required to "make a prima facie showing that [s]he would have been eligible for the relief [sought] and that [s]he could have made a strong showing in support of [her] application" if not for her counsel's ineffectiveness. *Id.; see also Esposito v. INS,* 987 F.2d 108, 111 (2d Cir. 1993) (per curiam). Kaur failed to make such a showing.

First, as the BIA noted, Kaur offered no evidence indicating that she would have established her *prima facie* eligibility for CAT relief at the time when her appeal was pending before the BIA. *See Pierre v. Gonzales,* 502 F.3d

3

109, 118-19 (2d Cir. 2007).  Moreover, as the BIA noted, Kaur did not make a *prima facie* showing that she would have been eligible for CAT relief at the time when her former counsel filed her prior motions to reopen, because she failed to present any evidence indicating either that *she* would be singled out for torture by Indian security forces, or that a similarly-situated individual in her particular circumstances-i.e., a Sikh and member of the Shiromani Akali Dal Mann- would be subjected to torture.  *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005).  Therefore, the BIA did not abuse its discretion in denying Kaur's motion to reopen.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4